UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JEFFREY JOHNSON                                                                         PLAINTIFF

v.                                               CIVIL ACTION NO. 5:13CV-P103-R

BILL MARCUM *et al.*                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Johnson filed a *pro se* complaint (DN 1) and two amended complaints (DNs 7 & 14) pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint and amended complaints pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow Plaintiff to file an amended complaint with respect to the claims of illegal search and excessive force and will dismiss all other claims.

### I. SUMMARY OF CLAIMS

Plaintiff initiated this action when he was a pretrial detainee at the Calloway County Jail. He has since been released from custody. As Defendants, Plaintiff names Calloway County Sheriff Bill Marcum;[1] the Calloway County Sheriff's Department; Calloway County Jailer Phil Hazel; and the Calloway County Jail. He sues Defendants Marcum and Hazel in their individual and official capacities.

---

[1] Plaintiff spells this Defendant's last name "Marchuem" and "Marchaum," but the Court takes judicial notice that "Marcum" is the proper spelling of the last name of the Calloway County Sheriff.

Plaintiff raises several claims. First, Plaintiff alleges an illegal search in May 2013. He alleges that on a Friday night the "Calloway County Sherriff Dept" knocked on his door, said that "they" had a warrant, and then barged in without giving or showing him a copy of the warrant. He reports that, when asked, he denied having any weapons; that "They" asked to search; that he asked if they had a warrant; and that "They" said "no." Plaintiff states that when he turned around to put on some clothes, "the officer started searching any way. He uncovered a military Knife I use for cooking and cutting meat and started acting like He had solve some kind of [illegible] crime with his illegal search."

Second, Plaintiff alleges excessive force. When "the officer" went to handcuff Plaintiff, Plaintiff reports warning him that he had a "bad bad Back & neck problem" and needed to be cuffed in the front. According to Plaintiff, the officer nevertheless tried to force Plaintiff's hands together behind his back and injured his back. "When I grown in pain the other officer shook his head no at the officer who was hurting me He then cuff me in the front."

Next, Plaintiff alleges various conditions at the Calloway County Jail, including inadequate medical treatment, placement in an overcrowded cell, threats by guards, and denial of access to a law library. Plaintiff reports that upon arrival at the jail, while being booked, "Jailer said we know you have back problem if you need special accomidation let us know." Plaintiff reports that the next day he was given a second mat. He further states as follows:

> while I laid their in the floor suffering in pain I told them as I have several times in the last 4 week I need to see a doctor but they Keep Discrimianting against me violating my Right and Americans with Disibiitys Act dening me medical treatment and giving me Ibuprofin, after They Have been told the medicine I take and other treatments use to stop the pain & suffering Ice packs, walking, etc To this date I have been given 1 Ice pack

He alleges that he has "loose the feeling in my shoulders, arms Hands & Fingers in fact I in so much pain I Have a constant migrain headache." He states that he told the guards that he needed to see a doctor but that a nurse showed up. He states that he told her he needed his "pain medication 3x a day Ibuprofin 800mg every 4-6 hr Ice packs 3x a day walk 30 min 3x a day & 2 mats." Instead, claims Plaintiff, he received "1 Ice pack 1 time and the 2 mat I was givin on 2 day in Jail was taken from me on 5th day for no reason other than the guard was mad about something." He further claims,

> I don't understand why guard would tell me they know I have back problems and need special accomadation then take a 2 mat away to Intentionally cause me pain & suffering the discrimination Im suffering is unbeleaveable & unbearable. I lay her suffering in pain while the guard are letting other in the cell with no medical Issues Have 2 mats 2 blankets while Im suffering and they know it.

Plaintiff also reports that in June 2013, he was warned by a guard that "something is wrong with the medication Im being givin" and that it may not be his medication. Plaintiff reports that the pills he had been given had different numbers on them and that he knows that "they been giving me someone else meds because package didnt have prescription lable it had been removed & my name written on it in black marker & Also because a person does not have withdrawal & chill symptoms from Ibuprofin." He states that he refused to take the medication and was threatened "and told to pack my stuff I was being moved to Isolation because I refused." Plaintiff states that, in front of six or seven witnesses, he asked "her" to look in a different drawer for his medication. "She pulled out my medication with my name on the label & what medication was she look at both and said your right I signed & took the correct meds."

As to overcrowding, Plaintiff reports that during the second week at the jail, he was moved to Cell 149 and put on the floor because the 12-14 man cell housed a total of 21-22 inmates.

Plaintiff alleges being denied access to a law library. He states, "I mean what perpose does it serve to deny me access to the law library except to violate by rights by trying to stop this lawsuit from being filed." He also reports having unspecified problems with filing a grievance.

Finally, as to his claims of threats, Plaintiff reports that at the end of his second week at the jail, an inmate was called to the booking desk and that when the inmate returned, "he walks up to 2 others Inmate and tell them Rob D said for the 3 of them to beat the shit out of me The biggest of the 3 tells the other hes not doing it." Plaintiff alleges that he has been threatened by different guards since "the very first minute I walked into this Jail by the very First Guard I had contact with."

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief in the form of "expungement of all records."

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. <u>ANALYSIS</u>

#### *42 U.S.C. § 1983*

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by

5

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Individual-Capacity Claims Against Defendants Marcum and Hazel

The complaint and amended complaints contain no factual allegations against Defendant Sheriff Marcum. Some factual basis for a plaintiff's claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint and amended complaints fail to do so with regard to Defendant Sheriff Marcum.

Plaintiff makes only one mention of Defendant Jailer Hazel in his complaint and its amendments. Plaintiff reports that upon arrival at the jail, while being booked, "Jailer said we know you have back problem if you need special accomodation let us know." Plaintiff reports that the next day he was given a second mat. While Plaintiff reports that his second mat was taken away a few days later, Plaintiff in no way attributes this allegation to Jailer Hazel. He instead states that the mat "was taken from me on 5th day for no reason other than the guard was mad about something." These facts in no way rise to the level of a constitutional violation by Defendant Jailer Hazel, but rather, they show that he provided assistance to Plaintiff.

Further, Marcum's and Hazel's positions as Calloway County Sheriff and Jailer, respectively, do not automatically make them liable for the actions of their subordinates. "Respondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher*

6

*Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or 'simple awareness of employees' misconduct.'" *Id.* (citations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by defendant is essential element in § 1983 cause of action asserting constitutional deprivation).

Because Plaintiff's complaint and amended complaints contain no allegations of any active unconstitutional behavior by Defendants Marcum or Hazel, the claims against those Defendants in their individual capacities will be dismissed for failure to state a claim.

### B. Official-Capacity Claims Against Defendants Marcum and Hazel and All Claims Against the Calloway County Sheriff's Department and Jail

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Marcum and Hazel, therefore, are actually against Calloway County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

The claims against the Calloway County Sheriff's Department and Jail are also against Calloway County. *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (finding neither a county jail nor a sheriff's department is a suable entity); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983); *Ferguson v. Dallas Cnty. Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D. Tex. Feb. 26, 1997) (noting that county jail lacks separate jural existence and is not a separate entity subject to suit).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not identify a municipal policy or custom that was the moving force behind his alleged injuries. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Additionally, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Consequently, the official-capacity claims against Defendants and all claims against the Calloway County Sheriff's Department and Jail will be dismissed for failure to state a claim upon which relief may be granted.

### C. Claims Subject to Amendment

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Upon consideration of each of Plaintiff's claims, **the Court will allow Plaintiff to file an amended complaint with respect to the claims of illegal search and excessive force, naming as Defendants those individuals who were allegedly involved.** Plaintiff having failed to identify any policy or custom that was the moving force behind his alleged injuries, the Court finds that any official-capacity claims against any newly named Defendants would be futile; therefore, **Plaintiff must sue any newly named Defendants in their individual capacity.**

The Court finds that the remaining § 1983 claims are not subject to amendment for the reasons that follow. As to his claim that he was denied medical treatment, Plaintiff has failed to state a constitutional claim.² Courts "distinguish between cases where the complaint alleges a

---

²Plaintiff was not a convicted prisoner at the time of the events alleged; he was a pretrial detainee. As such, the Eighth Amendment's proscription against cruel and unusual punishment

complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (citations omitted). Further, mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). Such is the case here. Plaintiff was seen by a nurse and received treatment; he just did not receive the treatment he desired.

Additionally, as to Plaintiff's claim that he was given the wrong medication once or twice, he reports that a female employee looked in a drawer and found his proper medication. Plaintiff demonstrates, at most, negligence, which does not rise to the level of a constitutional violation.

"[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). "'[E]xtreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Plaintiff has not alleged that the overcrowding "resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Id.*

---

does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). "Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Id.* at 685-86. Thus, "[t]o sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'" *Id.* at 686.

Plaintiff's claim that he has been denied access to the law library fails because he does not allege an "actual injury." *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."). He has no constitutional right to file grievances. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (finding "no constitutionally protected due process interest in unfettered access to a prison grievance procedure"). Further, any retaliation claim is wholly speculative.

Finally, as to his claim of threats by "Rob D" and other unnamed guards, "[h]owever legitimate [his] fears may have been, . . . it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Thus, Plaintiff is entitled to no relief as he complains only of past threats resulting in no physical injury and is no longer incarcerated at the Calloway County Jail.

For these reasons, Plaintiff fails to state a § 1983 claim for denial/inadequate medical treatment, medication mix-ups, overcrowding, denial of access to a law library, problems with filing grievances, and threats by guards.

*ADA*

To make out a claim under the ADA, Plaintiff must allege that: (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, and (3) such exclusion, denial of benefits, or discrimination was because of a disability. 42 U.S.C. § 12132. A "public entity" under the Act does not include an individual prison official, and therefore, Plaintiff fails to state a claim against the individual defendants under the ADA. *See Lee v. Mich. Parole Bd.*, 104 F. App'x

490, 493 (6th Cir. 2004). The proper defendant under the ADA is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002).

However, Plaintiff's claims against Defendants in their official capacities also fail because he does not allege that he was denied an extra mat and blanket or any other services because of his alleged disability.[3] To the contrary, Plaintiff's allegations sound more like an Eighth Amendment or medical malpractice claim of denied or inadequate medical care than a claim under the ADA. *See Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (the ADA proscribes intentional discrimination, not the denial of adequate medical care); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners"; the statute "does not create a remedy for medical malpractice"); *McNally v. Prison Health Servs.*, 46 F. Supp. 2d 49, 58 (D. Me. 1999) (noting distinction between "claims that the medical treatment received for a disability was inadequate from claims that a prisoner has been denied access to services or programs because he is disabled").

Consequently, the Court finds that Plaintiff has failed to state a claim under the ADA.

---

[3]For the purposes of initial review, the Court need not decide whether Plaintiff's back problem is a "disability" as defined in the ADA.

## IV. ORDER

For all the reasons set forth above,

**IT IS ORDERED** that within **21 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint with respect to the § 1983 illegal-search and excessive-force claims.** The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

**IT IS FURTHER ORDERED** that all of the remaining § 1983 claims and the ADA claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Should Plaintiff file no amended complaint within **21 days**, the Court will enter a final Order dismissing the entire action.

Date:

cc: Plaintiff, *pro se*
      Calloway County Attorney
4413.005